IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMMY HILFIGER LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>Defendant. | Case No. 21-cv-2689<br><br>Judge Gary Feinerman<br><br>Magistrate Judge Maria Valdez |

## DEFENDANT'S MOTION TO DISMISS AND
## TO DISSOLVE PRELIMINARY INJUNCTION ORDER

Defendant Skininy.com, "Defendant", through the undersigned counsel, moves to dismiss Defendant in this lawsuit and to dissolve the preliminary injunction order. In support of its motion, Defendant states as follows:

### BACKGROUND

Defendant operates its own interactive e-commerce store selling apparel such as t-shirts, sweatshirts, jumpsuits, and pants. One item for sale by Defendant contains a graphic that is allegedly similar to Plaintiff's logo. However, Defendant has only sold one item of the allegedly similar merchandise to a customer in Illinois, who has been identified as an investigator engaged by Plaintiff in this matter. This lone sale in the state of Illinois does not amount to sufficient contacts with the forum state needing to file an action in the

Seventh Circuit. Notwithstanding the foregoing, however, Plaintiff filed one Complaint against hundreds of unrelated defendants which does not mention Defendant other than identifying it in a "sealed" Schedule A, moved *ex parte* for a temporary restraining order to freeze Defendant's accounts held with all third parties providing services for Defendant, including, without limitation, any online marketplace platforms including, without limitation, eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate (collectively, the "Third Party Providers") based on a claim improperly filed in this venue where jurisdiction against the Defendant does not exist.

As a result of Plaintiff's lawsuit, the temporary restraining order and the preliminary injunction order, all Third Party Providers has frozen all funds in Defendant's accounts with each such Third Party Provider, not just amounts tied to the sale of the allegedly-infringing products, which in effect is shutting down Defendant's business, despite Plaintiff not filing its complaint with a court having proper jurisdiction over this matter. This has substantially interfered with Defendant's business and caused Defendant's significant loss.

**ARGUMENTS**

I.  **COMPLAINT AGAINST DEFENDANT SHOULD BE DISMISSED DUE TO LACK OF JURISDICTION**

"When a statute gives no clear indication of an extraterritorial application, it has none". *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 255 (2010). Similarly, state law of Illinois also presumptively lacks extraterritorial reach. *Hirst v. Skywest, Inc.*, 15 C 02036, 2016 WL 2986978, at 8 (N. D. Ill. May 24, 2016). The long-standing rule of

construction in Illinois holds that a statute is without extraterritorial effect unless a clear intent in this respect appears from the express provisions of the statue. Plaintiff has failed to allege any conduct by Defendant having required degree of effect on either U.S. or Illinois commerce, and as such the Lanham Act and Illinois Uniform Deceptive Trade Practice Act ("IDTPA") cannot reach Defendant extraterritorially. Defendant made only one sale of the alleged counterfeit products in this matter in Illinois.

Defendant reasonably believes that this court does not have personal jurisdiction over them. Illinois courts may exercise jurisdiction over Defendant only if authorized both by the United States Constitution and, as applicable, Illinois law. *American Bridal & Prom Indus. Ass'nInc.v. The Partnerships*, 192 F. Supp. 3d 924,931 (N.D. Ill. 2016). "There are two types of personal jurisdiction: general jurisdiction, which exists only when the party's affiliations with Illinois "are so constant and pervasive 'as to render [it] essentially at home" here, *Daimler AG v.Bauman*, 134 S.Ct. 746, 751, 187 L.Ed.2d 624 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915,919,131 S.Ct. 2846, 180 L.Ed.2d 796 (2011)); and specific jurisdiction, which is "case-specific" and exists where the defendant has "purposefully directed" its activities at residents of the forum state and where the plaintiffs claim is "linked to the [defendant's] activities or contacts with" Illinois, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73, 105 S.Ct. 2174, 85 L.Ed.2d 528; *Kipp v. Ski Enterprise Corp. of Wisconsin, Inc.*, 783 F.3d 695 (7th Cir.2015)". *American Bridal & Prom Indus. Ass'n Inc*. Id.

The Lanham Act does not authorize nationwide, much less worldwide service of process. *American Bridal & Prom Indus. Ass'n Inc. Id.* The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Only proper service vests a district court with personal jurisdiction over a defendant. *Luoxttica Group S.P.A. v. Partnerships & Unincorporated*, 391 F. Supp. 3d, 816, 821 (7th Cir. 2019). Defendant sells products through their own website to customers. However, they only sold one unit of the alleged counterfeit products to a customer in Illinois. *See*, Declaration of Gangneng Xiao, attached hereto as **Exhibit A**. Such lone customer was an investigator engaged by Plaintiff in this matter as indicated by Plaintiff's counsel provided infringing evidence, and Defendant's own sales record attached hereto as **Exhibit B** and **Exhibit C** respectively. Such an insignificant number of sales is not sufficient to give the Court proper jurisdiction. *Watchworks, Inc. v. Total Time, Inc.*, 2002 U.S. Dist. LEXIS 4491 (N.D. Ill. March 19, 2002) (holding that the plaintiff lacked jurisdiction over plaintiff since defendant only made two sales in the forum state, one of which was to the plaintiff's investigator). As such, Defendant has no ties to the State of Illinois that would permit the Court to exercise personal jurisdiction over them.

Additionally, this district court has rulings for lack of jurisdiction for similar cases. *See Sun Chenyan v. The Partnerships and Unincorporated Assoc's Identified on Schedule "A"*, 2021 WL 1812888, at *5 (N.D. Ill. May 6, 2021) (finding no personal jurisdiction where foreign Defendant owned and operated eBay storefronts); *Rubik's Brand, Ltd. v.*

*P'ship & Unincorporated Ass'ns Identified on Schedule "A"*, No. 20-cv-5338 (N.D. Ill. Mar. 4, 2021) (holding that maintaining an interactive website that was accessible in Illinois does not confer personal jurisdiction); and *General Tools & Instruments, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule 'A'*, Case No. 20-cv-1036 (N.D. Ill. May. 17, 2021) (determining that, because the defendant was not domiciled nor incorporated in Illinois and did not target any marketing efforts to Illinois customers, that the court lacked jurisdiction).

## II. PRELIMINARY INJUNCTION SHOULD BE DISSOLVED.

### A. Plaintiff Is Not Entitled to Preliminary Injunction.

The purpose of preliminary injunctive relief is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). When evaluating the merits of a motion for preliminary injunctive relief, a district court must determine whether the party seeking the preliminary injunction has demonstrated that: (1) it has a reasonable likelihood of success on the merits of its claim; (2) no adequate remedy at law exists; (3) it will suffer irreparable harm if preliminary injunctive relief is denied; (4) the irreparable harm it will suffer without preliminary injunctive relief outweighs the irreparable harm the nonmoving party will suffer if the preliminary injunction is granted; and (5) the preliminary injunction will not harm the public interest. *Platinum Home Mtge. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir. 1998).

Here, Plaintiff is not entitled to preliminary injunction against Defendant because Plaintiff is not likely to succeed on the merits, Plaintiff will not suffer irreparable harm, Defendant will suffer irreparable harm from the injunction that is disproportionate to the alleged infringing activity, and the injunction harms the public interest. Plaintiff is not likely to succeed on the merits of its claims against Defendant. As set forth in the motion to dismiss above, the claims against Defendant should be dismissed because there have not been sufficient contacts in the forum state to for this Court to exercise jurisdiction over Defendant. Since Defendant has not targeted customers in Illinois with the allegedly infringing merchandise, Plaintiff will not suffer any irreparable harm if the preliminary injunction is vacated. However, Defendant is suffering substantial irreparable harm which severely outweighs Plaintiff's harm, if any. Due to the temporary restraining order and the preliminary injunction order, Defendant has more than $140,000 dollars restrained. Defendant is legitimate business sellers, with this restrained amount, Defendant's business has been severely impacted. Defendant remains unable to access its funds. While Defendant has only sold one unit of alleged infringing products for a gross revenue of only USD $30.95 and a profit of only $10.60, as set forth in **Exhibit D**, Defendant's Sales Accounting. Defendant's funds that have been frozen by the Third Party Providers is more than $140,000, and continued denial of access to all of such funds will cause irreparable harm which is disproportionate to Plaintiff's claims.

Finally, the injunction will harm the public interest. If other e-commerce businesses, solely because they have sold one unit of allegedly infringing merchandise in the forum state, will be sued by Plaintiff in Court for trademark infringement and the Court

will routinely grant interim orders freezing their entire accounts with Third Party Providers pending the year-long litigation, such e-commerce businesses are likely to choose not to sell these products any longer. This will cause a chilling effect which will assist Plaintiff to oust its competitors like Defendant from the market. Additionally, Plaintiff is utilizing this district court while targeting foreign online sellers with the arbitrage of U.S. court litigation cost and knowledge, bringing lawsuits that lack jurisdiction. As such, the injunction will harm the public interest.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the case, dissolve and vacate the preliminary injunction order, order any applicable Third Party Providers to release funds in Defendant's accounts and lift any restraints on Defendant's accounts, and direct Plaintiff's counsel to notify the Third Party Providers to lift any restraints on Defendant's accounts, and for such other and further relief as the Court deems just and proper.

Dated: July 12, 2021.                                         Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei, Esq.
Getech Law LLC
203 N LaSalle ST
Chicago, Illinois 60601
C: (312) 888-6633
Linda.lei@getechlaw.com
*Attorneys for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 12, 2021, a copy of the foregoing was filed via the Court's ECF filing system, thereby serving it upon all counsel of record.

<u>/s/ Ge (Linda) Lei</u>
Ge (Linda) Lei, Esq.